■ DONNA Z. LIFLAND, Respondent, v BOARD OF ASSESSORS et al., Appellants. [644 NYS2d 522] —In an action for a declaratory judgment and injunctive relief, the defendants appeal from (1) an order of the Supreme Court, Nassau County (Ain, J.), dated July 12, 1994, which granted the plaintiff's motion for a preliminary injunction enjoining the defendants from enforcing Nassau County Charter § 606 and Nassau County Administrative Code § 6-11.0 to the extent that said provisions establish a deadline for the filing of a real property tax grievance earlier than the fourth Tuesday in May, and (2) a judgment of the same court entered March 30, 1995, which permanently enjoined the defendants from enforcing Nassau County Charter § 606 and Nassau County Administrative Code § 6-11.0 to the extent that said provisions establish a deadline for the filing of a real property tax grievance earlier than the fourth Tuesday in May.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, on the law, by adding thereto a provision declaring that Nassau County Charter § 606 and Nassau County Administrative Code § 6-11.0 are void to the extent that said provisions establish a deadline for the filing of a real property tax grievance before the fourth Tuesday in May and insofar as they are inconsistent with Real Property Tax Law §§ 512 and 524; as so modified, the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, *Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The Supreme Court properly found that the provisions of Nassau County Charter § 606 and Nassau County Administrative Code § 6-11.0 which provide that real property tax grievances must be filed by the third Tuesday in May are void as they are inconsistent with Real Property Tax Law §§ 512 and 524.

Since the complaint in this action sought, *inter alia,* declaratory relief, the Supreme Court should have made a declaration in favor of the plaintiff (*see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901).

The plaintiff's request that the appellants should be sanctioned because this appeal is allegedly frivolous is denied. Ritter, J. P., Pizzuto, Santucci and Krausman, JJ., concur.